UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TROY J. OLMSTED and
JEROME V. METCALFE,
and all others similarly situated,

        Plaintiffs,                              Case No. 09-C-0880

    v.

GOVERNOR JAMES DOYLE,
JOHN and JANE DOES,

        Defendants.

**ORDER**

On September 11, 2009, Plaintiff Troy J. Olmsted, who is incarcerated at Redgranite Correctional Institutional, and Plaintiff Jerome V. Metcalfe filed a *pro se* complaint styled as a "class action" under 42 U.S.C. § 1983, alleging that their civil rights were violated. The plaintiffs have paid the full filing fee.

Plaintiffs have moved for class certification under Rule 23 of the Federal Rules of Civil Procedure and for appointment of counsel under 28 U.S.C. § 1915(e)(1). (Doc. # 2.) Plaintiffs also appear to have served a summons, complaint and their motion for class certification and appointment of counsel on Defendant James Doyle, the Governor of the State of Wisconsin. On October 20, 2009, Governor Doyle moved to dismiss this case under Rule 12(b)(6).[1] (Doc. # 8.)

---

[1] The complaint indicates that the Jane and John Doe defendants are employees of the State of Wisconsin who assisted Governor Doyle in "creating, amending and implementing laws that violate state and federal laws." (Compl. ¶ 10.)

The case was transferred to this Court on November 20, 2009 after Plaintiff Olmsted refused to consent to proceed before a Magistrate Judge.

The first item for the Court's consideration is the screening of this complaint. Plaintiffs contend that the screening requirement of the Prison Litigation Reform Act ("PLRA") does not apply because plaintiff Metcalfe is not a prisoner.[2] There is no merit to this argument. The statute indicates that the court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The fact that Metcalfe joined in Olmsted's complaint does not mean the PLRA is inapplicable, as this complaint is one under which Olmsted, a prisoner, seeks redress.[3] Since the PLRA applies, the court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

---

[2]According to the complaint, Metcalfe is on extended supervision. (Compl. ¶ 13.)

[3]Even if the PLRA were not applicable, the Seventh Circuit has held that "district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond*

*du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

I take plaintiffs to allege that defendants have violated their equal protection and due process rights by passing, signing into law and enforcing recent amendments to Wis. Stat. § 973.01.[4] They appear to allege that although other inmates in the state are eligible to earn good time credit under the amended statute, they are not similarly eligible. For example, Olmsted alleges that he is not eligible for any good time credit, though some of his peers are eligible for one day off their sentence for every two good days served. (Compl. ¶ 33.) Metcalfe, who is on extended supervision, could earn one day off his sentence were he to return to prison for every 5.7 good days served, though he claims his peers are eligible for the more favorable one day off for every two good days served. (*Id*. ¶ 34.)

Plaintiffs seek declaratory and injunctive relief, along with damages of $250,000 to establish a fund to finance future litigation against the Wisconsin Department of Corrections. With regard to the injunctive relief plaintiffs request, they would have the Court order that all prisoners who had been sentenced under Wis. Stat. § 973.01 for the last 10 years be credited with one day of good time for every two days served with good behavior, without the case-by-case determination by the

---

[4] With amendments which took effect on October 1, 2009, the statute now includes a subsection requiring the Department of Corrections to apply an "objective risk assessment instrument supported by research to determine how likely it is that the person [serving a sentence imposed under Wis. Stat. § 973.01(1)] will commit another offense." Wis. Stat. § 973.01(3d)(a). If the department determines that the person poses a high risk of reoffending, the person is ineligible to earn good time credits. Wis. Stat. § 973.01(3d)(b). Section 973.01(4m) provides the Department of Corrections discretion to discharge persons from extended supervision after two years of extended supervision.

Department of Corrections called for in Wis. Stat. § 973.01(3d). Plaintiffs also seek injunctive relief in the form of an order that they be eligible for early discharge after being on extended supervision for two years.

Governor Doyle argues in his brief in support of the motion to dismiss that the plaintiffs' complaint essentially concerns the duration of their confinement, a matter not properly brought in a § 1983 action. It is true that proper remedy for any action, that, if successful, "would necessarily demonstrate the invalidity of confinement or its duration" lies in the form of a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 78-83 (2005). While "an inmate may challenge state parole procedures in an action under § 1983 when success would merely mean becoming eligible for a discretionary grant of parole," *Bartley v. Wisconsin Department of Corrections*, 258 Fed. Appx. 1, *2 (7th Cir. Dec. 6, 2007), the injunctive relief plaintiffs seek would necessarily shorten the duration of their custody. In Olmsted's case, an injunction would have the effect of ordering his earlier release into the community, as he would receive a one day reduction for every two days of good time served. The injunctive relief sought would also have the effect of shortening Metcalfe's period of custody, as he is currently on extended supervision and plaintiffs seek an order that they be discharged after two years on extended supervision. (Compl. ¶¶ 13, 42.) Because plaintiffs' claims would "necessarily spell speedier release," *Wilkinson*, 544 U.S. at 82, they must be brought in habeas corpus.

**Equal Protection Claim**

Even if plaintiffs' claims would properly lie in a § 1983 action, I conclude that they are frivolous. Plaintiffs' main argument is that the new system of determining which prisoners are awarded good time credits in Wisconsin violates equal protection. The Supreme Court has "repeatedly held that 'a classification neither involving fundamental rights nor proceeding along

suspect lines . . . cannot run afoul of the Equal Protection Clause if there is a rational relationship between disparity of treatment and some legitimate governmental purpose.'" *Cent. State Univ. v. Am. Assoc. of Univ. Professors, Cent. State Chapter*, 526 U.S. 124, 127-28 (1999) (quoting *Heller v. Doe*, 509 U.S. 312, 319-321 (1993)). Prisoners are not a suspect class, *Pryor v. Brennan*, 914 F.3d 921, 923 (7th Cir. 1990), and the same is true for parolees. *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008). There is also no fundamental right to conditional release before the expiration of a valid sentence. *Pryor*, 914 F.3d at 923. Thus, in order to prevail on such a claim, plaintiffs would have to show that there is no rational relationship between the disparities created by the statute and a legitimate governmental purpose. Plaintiffs cannot make such a showing, as the statute's provision that the Department of Corrections not afford good time credit to prisoners with a high risk of reoffending advances the legitimate governmental purpose of protecting the public, by preventing people likely to commit another offense from being released prematurely. The state also has a legitimate interest in not discharging from extended supervision persons whom the Department of Corrections in its discretion determines should remain under supervision.

### Due Process Claim

This leaves plaintiffs' claim that their due process rights are offended by the adoption of the recent amendments to Wis. Stat. § 973.01. Plaintiffs do not allege that they have been deprived good time credits they have already earned, which would implicate a protected liberty interest. Instead, they allege that the new system will allow some prisoners to enjoy good time credits and not others. This claim is also frivolous, as plaintiffs have no protected liberty interest in receiving discretionary good time credit or discretionary early discharge from extended supervision.

**Motion to Amend the Complaint**

Plaintiffs attempt to repair the deficiencies in their complaint with a motion to amend the complaint. (Doc. # 13.) In the proposed amended complaint, plaintiffs attempt to make it clear that they are not seeking speedier release from custody, but merely the opportunity to participate in the same process that other inmates enjoy, which may or may not result in their earlier release from confinement or discharge from extended supervision. Their point seems to be that because they are not eligible to be considered under the program given the crimes for which they have been convicted, there is a violation of equal protection. Assuming that this cures the defect in the original complaint regarding the fact the injunctive relief sought would result in an early release from custody, plaintiffs' claims in the proposed amended complaint are still frivolous. Given the frivolity of plaintiffs' claims, the Court will deny the motion to amend the complaint, as the amendment would be futile. *See J.D. Marshall Int'l v. Redstart, Inc.*, 935 F.2d 815, 820 (7th Cir. 1991) (holding that leave to amend may be denied if the proposed amendment would be futile).

The proposed amended complaint does not remedy the fact that plaintiffs' equal protection claims and due process claims are frivolous. Regarding the proposed equal protection claim, the state legislature has decided to make ineligible for good time credit those inmates who have been sentenced for a felony punishable by life imprisonment. The state plainly has a legitimate interest in preventing inmates who could have been sentenced to life from being eligible for early release, as offenses that are punishable by life in prison are more serious than those that are not. There is also a rational basis for allowing those inmates who are eligible to be considered for good time credit to accrue such credits at different rates depending on the severity of their crimes. Finally, there is nothing in the proposed amended complaint that suggests plaintiffs have a viable due process claim.

**Conclusion**

If plaintiffs were to prevail on their claims and obtain the injunctive relief they seek, it would necessarily result in an earlier release from custody, which means they cannot seek this relief in a § 1983 action. Further, even if the Court could properly entertain their claims of violations of their rights of equal protection and due process, it plainly appears that plaintiffs' claims are frivolous. Accordingly, the Court will order that this action be dismissed.[5]

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim and because the plaintiffs' claims are frivolous.

**IT IS FURTHER ORDERED** that plaintiffs' motion to certify the class is **DENIED** as moot.

**IT IS ALSO ORDERED** that plaintiffs' motion to appoint counsel is **DENIED** as moot.

**IT IS ALSO ORDERED** that Governor Doyle's motion to dismiss is **DENIED** as moot.

**IT IS ALSO ORDERED** that plaintiffs' motion to amend the complaint is **DENIED**.

**IT IS ALSO ORDERED** that the Clerk of Court document that Plaintiff Olmsted has brought an action that was dismissed for failure to state a claim and as frivolous under 28 U.S.C. §1915A(b)(1).

**IT IS ALSO ORDERED** that the Clerk of Court document that Plaintiff Olmsted has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

---

[5]Governor Doyle contends that the number of reasons to dismiss this complaint are legion, including sovereign immunity, absolute immunity and a lack of personal involvement on the part of the defendants in the alleged deprivation of plaintiffs' constitutional rights. Having found reason to dismiss the complaint on other grounds, the Court need not address Governor Doyle's arguments regarding alternate bases for dismissal.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff s offer bonafide arguments supporting their appeal.

Dated this   8th   day of December.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge